UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RONALD WORDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 2:05-CV-403 PS |
| v. ) | |
| ) | |
| DEVRY UNIVERSITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Ronald Words, a *pro se* plaintiff, has submitted a complaint and a petition for leave to proceed *in forma pauperis*. Before allowing the case to proceed, the court must first review the complaint under 28 U.S.C. §1915(e)(2)(B)(i) which provides that the "court shall dismiss the case at any time if the court determines that . . . the action  . . . is frivolous . . ." *Id.*

Mr. Words names four defendants: 1) Devry University; 2) Devry office manager Burnice Chapmen; 3) Devry Director of Student Finances Susan Voss; and 4) Devry Dean Nancy Mocek. In his complaint, Mr. Words states the following:

> On about 6/6/05 representatives from Devry were on my phone with the head of SBC/AT&T. The President Pete was forwarding all of my calls to his location and had several individuals representing several services that I use present. This happened when I was about to do some telemarketing on my new business line. Some of the individuals followed me to a club the previous weekend and told me what was going to happen so I alerted the authorities. One of his plans was to murder me and purchase my 8 year old daughter to molest and abuse her.  The companies ended up telling me what they had and planned to do with my services if I survived to the point.  Devry admitted committing fraud for this man.  They are forcing me to take classes recently added to the curriculum, CIS410, MGMT404, etc...  This is a contract violation.  I experience problems with financial aid every term.  After the vicious tactic with the head of SBC on 6/6/05 they have done the worst.
>
> After receiving a statement which was a printout from a school computer which the office manager normally denies me, I noticed a refund check that I hadn't received. I got the statement from the director.  In a recorded conversation with the

>office manager, she conceals it and never answers me about it. This took place on 11-1-05. I included the recording with this document. If I hadn't received the printout from someone else I wouldn't have known about it. They processed my aid past the federal deadline last term. They also fraudulently reversed loans and caused a balance. On 6-6-05 they admitted that they were doing this to aid the tactics of the SBC/AT&T President. This is unfair competition/vicious business tactics. A large part of doing this is to withhold the power to sue or "obstruction of justice". Helping this man is also putting my daughter, who's location is being kept from me, and me at great risk when they know what his intentions are. Contractual terms and federal regulation pertaining to student aid have violated against me.

Compl. at 7-8 [Doc. 1] (ellipsis in original).

The Seventh Circuit has previously noted in affirming a dismissal of a *pro se* complaint as frivolous that "[s]ometimes . . . a suit is dismissed because the facts alleged in the complaint are so nutty ("delusional" is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Unfortunately, Mr. Words' claims fall into this category. For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    **SO ORDERED**.

ENTERED: November 21, 2005

                                          s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT